IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| REBECCA WIGINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00723-BCW |
| | ) | |
| OFFICER DUSTIN RAPP, | ) | |
| OFFICER DARRELL SCHMIDLI and | ) | |
| CITY OF INDEPENDENCE, MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION, PURSUANT TO FED.R.CIV.P. 45(d)(2)(B)(i), FOR AN ORDER COMPELLING TRUMAN MEDICAL CENTER TO PRODUCE DOCUMENTS REQUESTED BY SUBPOENA *DUCES TECUM*

COME NOW Defendants Dustin Rapp, Darrell Schmidli, and the City of Independence, Missouri, by and through their undersigned counsel of record, pursuant to Fed.R.Civ.P. 45(d)(2)(B)(i), for their Defendants' Motion for an Order Compelling (1) Truman Medical Center, (2) Truman Medical Center – Behavioral Health, and (3) Truman Medical Center – Lakewood, to Produce Documents Requested by *Subpoena Duces Tecum*, and state as follows:

1.      Although Rule 34 permits discovery of documents, electronically stored information, tangible things, or premises are in the possession, custody, or control of a *party* to the action, *Baranski v. U.S.*, No. 4:11–CV–123 CAS, 2014 WL 7335151, at * 8 (E.D.Mo. December 19, 2014)(citing 9 James Wm. Moore, et al., Moore's Federal Practice § 45.02[3] (3d ed.2014)), Fed.R.Civ.P. 34(c) provides that production of documents from a non-party can be compelled ***only*** in accordance with Fed.R.Civ.P. 45. *Baranski*, 2014 WL 7335151, at * 8 (citing *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir.1975); Fed.R.Civ.P. 34(c)).

2. Truman Medical Center (2) Truman Medical Center – Behavioral Health, and (3) Truman Medical Center – Lakewood, (hereinafter "TMC"), the entities to which Defendants' *subpoena duces tecums* were directed, is **not** a party to this action.

3. On November 5, 2019, pursuant to Fed.R.Civ.P. 45, Defendant issued a *subpoena duces tecum*, seeking disclosure of the medical records of the deceased, Carlos Cruz,[1] to TMC, Custodian of Medical Records, which was received by TMC on November 11, 2019.

4. Fed.R.Civ.P. Rule 45(d)(2)(B)[2] provides that a person commanded to produce documents or things *may* serve a written objection to the subpoena. *Baranski*, 2014 WL 7335151, at * 8.

---

[1] Exhibits A-1, A-2 and A-3 to the *subpoena duces tecum* requested TMC to produce "any and all records regarding the following patient: **CARLOS ANDRES CRUZ** . . . * * * . . . that they may have regarding Mr. Cruz' condition and history when under their observation, examination, care and treatment" (emphasis in original) and requested a copy of the complete file.

[2] Fed.R.Civ.P. 45(d)(2)(B) states, in relevant part, as follows:

    (d)    Protecting a Person Subject to a Subpoena; Enforcement.

    * * *

    (2)    Command to Produce Materials or Permit Inspection.

    * * *

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection *may* serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection *must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . . .

Fed.R.Civ.P. 45(d)(2)(B)(emphasis added).

5. Pursuant to Fed.R.Civ.P. 45(d)(2)(B)(i) [3], the serving party *may* move the court for an order compelling production or inspection. *Baranski*, 2014 WL 7335151, at * 8.

6. Finally, Fed.R.Civ.P. 45(g) [4] provides that a court *may* hold in contempt a nonparty who "fails without adequate excuse to obey the subpoena or an order related to it." *Baranski*, 2014 WL 7335151, at * 8.

7. On November 11, 2019, Ms. Byers, the ROI Supervisor for TMC, Custodian of Medical Records, faxed letters of objection to the *subpoena duces tecums* to counsel for Defendants. These letters, which relied on Missouri Supreme Court Rule 57.09(c) and asserted *state* law privileges under R.S.Mo. §§ 191.227 and 491.060, advised Defendants' counsel that a representative of TMC would not appear at deposition with the requested patient's medical records.

8. A party withholding information on a claim that it is privileged has the burden to establish that the privilege applies. *Baranski*, 2014 WL 7335151, at * 5 (citing *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir.1985)).

---

[3] Fed.R.Civ.P. 45(d)(2)(B)(i) states, in relevant part, as follows:

> **(B)** Objections. . . * * * . . . *If* **an objection is made, the following rules apply:**
>
> **(i) At any time, on notice to the commanded person, the serving party *may* move the court for the district where compliance is required for an order compelling production or inspection.**

Fed.R.Civ.P. 45(d)(2)(B)(i)(emphasis added).

[4] Fed.R.Civ.P. 45(g) states: "(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

9. Because Counts II and III of Plaintiff's Amended Petition for Damages [**DOC # 1-2**] allege violations of 42 U.S.C. § 1983, this case arises under *federal* law, and Fed.R.Evid. 501 and the *federal* law of privilege apply and govern. *Baranski v. U.S.*, No. 4:11–CV–123 CAS, 2012 WL 425007, at * 3 (E.D.Mo. February 9, 2012)(citing *Hollins*, 773 F.2d at 196; Fed.R.Evid. 1101(c)("The rules on privilege apply to all stages of a case or proceeding"); *Ray v. Winslow House, Inc.*, 1999 WL 33655723, at *1 (N.D.Iowa January 15, 1999)("[T]he *federal* law of privilege governs all claims of privilege raised in the litigation where the issue is the discoverability of evidence")(emphasis added)).

10. The mental health of the deceased, Carlos Cruz, is clearly at issue in this case. *See* Plaintiff's Amended Petition for Damages [**DOC #1-2**].

11. Pursuant to Fed.R.Civ.P. 45(d)(2)(B)(i), Defendants are moving this Court for an order compelling production or inspection of the records requested pursuant to the *subpoena duces tecums* to TMC, Custodian of Records.

WHEREFORE, based on the foregoing, Defendants Dustin Rapp, Darrell Schmidli, and the City of Independence, Missouri, respectfully request this Court to issue its Order, pursuant to Fed.R.Civ.P. 45(d)(2)(B)(i), compelling (1) Truman Medical Center, (2) Truman Medical Center – Behavioral Health, and (3) Truman Medical Center – Lakewood, Custodian of Records, to produce the documents requested by their respective *subpoena duces tecum*.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ *Kenneth J. Berra*
Kenneth J. Berra,   MO #28620
Eric C. Sexton,   MO #40950
Nichole A. Caldwell,  MO #67475
Corporate Woods Bldg. #51
9393 W. 110th Street, Suite 300
Overland Park, KS 66210
(913) 339-6757
(913) 339-6187 – Fax
kberra@fisherpatterson.com
esexton@fisherpatterson.com
ncaldwell@fisherpatterson.com
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

 I hereby certify that on November 20, 2019, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to all counsel of record:

Daniel T. DeFeo
G. Dominic DeFeo
Erika V. Dopuch
THE DEFEO LAW FIRM
1627 Main Street, Suite 900
Kansas City, MO 64108
Telephone: (816) 581-4600
Facsimile: (816) 581-4646
ddefeo@defeolaw.com
gdefeo@defeolaw.com
edopuch@defeolaw.com
 and
Ronald Holliger
HOLLIGER LAW GROUP
704 SE Bluebird
Blue Springs, MO 64014
ronholliger@gmail.com
ATTORNEYS FOR PLAINTIFF

/s/ *Kenneth J. Berra*
Kenneth J. Berra
ATTORNEY FOR DEFENDANTS
